UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. MJ 15-580 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | DETENTION ORDER |
| RAMOS LAZO GUTIERREZ, | ) ) | |
| Defendant. | ) ) | |

Offenses charged:

Defendant is charged in two of the four counts of the complaint:

    1. Conspiracy to Distribute Cocaine, 500+ grams.

       Potential imprisonment: 5 years minimum, 40 years maximum

    2. Possession of cocaine with intent to Distribute, 500+ grams.

       Potential imprisonment: 5 years minimum, 40 years maximum

Date of Detention Hearing:   December 23, 2015.

    The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will

reasonably assure the safety of other persons and the community, or defendant's future appearances.

## FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) The Indictment charges defendant with two controlled substances offenses, each of which carries a maximum penalty in excess of ten years of imprisonment. There is therefore a rebuttable presumption of detention. Although some information has been presented in support of defendant's request for release, the court is nevertheless required to give some weight to the presumption. The court finds that the information in support of proposed release does not effectively rebut the presumption.

(2) As outlined in the affidavit supporting the complaint, defendant participated in the display and attempted sale of three kilos of cocaine to a person who turned out to be a confidential informant. He also negotiation for the possible sale of 40-50 kilos of cocaine to the same person, at a price of $37,000 per kilo.

(3) During these discussions, a co-defendant possessed a Ruger pistol, which was loaded and had a round in the chamber. That co-defendant has admitted to law enforcement that he was hired to provide armed security to protect the cocaine dealers and the cocaine, and that he was to receive $3,000 to $4,000 for providing this protection.

(4) Defendant's participation in these attempted sales of very large quantities of cocaine, and his co-defendant's use of a loaded firearm, each raise very serious concerns about the danger defendant would pose to other persons and the community if he were released.

(5) Defendant is not a U.S. citizen. It appears he is illegally present in the United States. The government indicated that immigration authorities have lodged a detainer against him.

(6) If convicted of the charges in the complaint, defendant faces a mandatory minimum sentence of five years. The maximum potential sentence is considerably higher. This provides defendant a very substantial incentive to flee, if released.

(7) Defendant's prior record includes two serious traffic offenses. He failed to appear in both cases, and bench warrants were issued.

(8) Defendant's parents and two siblings all reside in Mexico. While defendant's wife and children reside in this area, there would nevertheless be very strong incentives for him to flee to Mexico, if released.

(9) While he was negotiating to sell cocaine, defendant told his potential customer that he belonged to an organization which identified an informer, and arranged to have him murdered in Chicago.

(10) Defendant therefore presents a danger to other persons and the community, and a significant risk of non-appearance. There are no conditions of release he can meet which would adequately address these risks.

It is therefore ORDERED:

1. Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;

3. On order of the United States or on request of an attorney for the Government, the

person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding;

4. The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this <u>23rd</u> day of December, 2015.

<u>s/ John L. Weinberg</u>
United States Magistrate Judge

DETENTION ORDER
PAGE -4